Good morning, your honors. Christy Hughes from Federal Defenders on behalf of Mr. Ortiz-Lucatero. The government doesn't dispute that the district court failed to apply the categorical analysis, and it's not disputing that the district court miscalculated Mr. Ortiz-Lucatero's guideline range by including the plus 16. Instead, the government is only challenging whether resentencing is required here. It claims that because Mr. Ortiz-Lucatero failed to object to the plus 16, he invited or waived the court's error. And in the alternative, it argues that on plain-air review, we can't establish that Mr. Ortiz-Lucatero's substantial rights were affected. As we note in our letter brief, Molina-Martinez resolves both of these issues in our favor. First, as in Molina-Martinez and the Ninth Circuit cases that we cite in our brief to this court, such as Castillo-Marin and Gallego-Scalindo, when a defendant fails to object to a sentencing enhancement, the effect is that plain-air review applies. Unless there's evidence in the record that the defense recognized the error and decided not to object for some tactical reason, invited error and waiver do not bar the appeal. And here there's no evidence of that. There's no evidence that this was anything more than a mistake on the defense's part, and it's the same mistake that the government made and the district court made and probation made in just failing to recognize the plus 16 didn't apply. Well, this was a situation where the defense filed sentencing briefs and affirmatively calculated it the same way. Does that make a difference? It doesn't, Your Honor. That's exactly what happened in Molina-Martinez. That's exactly what happened in Gallego-Scalindo, in Pineda-Flores, in Castillo-Marin. In all the cases that we've cited in our briefing, Mr. Ortiz-Lucatero accepted the PSR's erroneous calculation of the plus 16 and included that calculation in his sentencing memo and his sentencing summary chart, both of which the district court, the district rules in the Southern District of California, require him to file and then argued for a below-guideline sentence, below that miscalculated range. And as that's exactly what happened with these other defendants, plain-air review applies. There wasn't any advocacy for this plus 16. Second, regarding Mr. Ortiz-Lucatero's substantial rights, again, Molina-Martinez controls here. It held that a defendant can rely on a district court's guideline miscalculation to show an effect on his substantial rights, and that's what occurred here. This is the normal, the usual case that Molina-Martinez talked about where the sentencing guidelines anchor the district court's discretion. The district court imposed a guideline sentence here. The district court imposed a four-level departure to recalculate the guideline range, and then within that adjusted offense level, the district court said it was imposing a 33-month sentence, which it referred to as the mid-range of the advisory guidelines. The divisibility of the conduct part of this particular statute is still unsettled. And last week, I'm sure you're aware, the Supreme Court heard argument in the Mathis case. What are you asking this court to do? Well, I'm asking... Hold the case, send it back. For the overbreath of the substance or for the transportation to sale and personal use divisibility, because I think it is clearly established that this 11-352 is overbroad as to substance. There was no substance mentioned in these documents.  There's no categorical match. I think the government will concede that. But the issue as to whether it's divisible as to conduct, because this statute covers transportation for personal use as well as sales, that issue is still unsettled, correct? Correct, Your Honor. And given that the Supreme Court's case in Mathis may shed light on that very issue, what are you asking this court to do? I think I was unclear. That's an alternative argument for how the district court erred. There's two reasons that this statute is not a categorical match, and the first is that it's overbroad as to substance, and the documents here don't help because there's no substance mentioned. And so on that basis alone, our first argument is the district court plainly erred because it failed to conduct any sort of categorical analysis under Custio Morin. And then under the plain error analysis, his substantial rights were affected because had the district court applied the categorical analysis, it would have seen this is not a categorical match as the government concedes as to substance, and there's no substance in the judgment that the government submitted. In other words, the government hasn't put the modified categorical approach on the table, and so there's no need to hold up for Mathis. Yes, Your Honor. It should go back to the district court. I suppose the district court could decide that Mathis may have some relevance once it's back in the district court, but nothing we should do. Yes, Your Honor. There's nothing for this court to do, and if the district court decides to consider Mathis, which I hope it doesn't because at this point Mr. Ortiz-Lucatero has served, as of April of this year he would have served 21 months, which would be the high end of the guideline range that the government is claiming applies with the alternative conviction, the plus 12. But even if the district court is going to get to the modified approach here for this conviction, the documents don't solve any of the questions that the modified approach is supposed to resolve. Well, so what you're saying is just go ahead and send it back, and you'll raise these issues before the district court as to what the documents show or fail to show. Yes, Your Honor. And if and when we were to do that, given the fact that at least, depending on what happens with Mathis, that we phone Rocha says that this statute is divisible, could the government then raise the possibility of a modified categorical analysis if it were returned to the district court? I think they've waived that, but that's my point, Your Honor. Even if they do, the judgment for this conviction doesn't reflect any substance, and so the modified categorical approach doesn't help here because it's divisible. From your perspective, even if they analyze it that way, it doesn't help. Correct, Your Honor. I'll reserve the remainder of my time. But does the government get an opportunity then to bring forward other separate documents? I would request that the government, that this be remanded not on an open record because the government, as Your Honors know, have the burden to support this plus-16 sentencing enhancement that they argued applied. They tried to. They submitted the judgment. That judgment is insufficient, and so they shouldn't get a second bite at the apple now on remand because they tried to meet their burden, and they failed. Thank you, Your Honors. Thank you. We'll now hear from the government. If it pleases the Court, Jared Hodes on behalf of the United States. I do want to focus on Molina-Martinez because it really does provide the framework for looking at the plain error issue here. And let me preface that by saying that Molina does not change Ninth Circuit law. Molina rejected the Fifth Circuit approach requiring Some Additional Evidence beyond the guideline miscalculation, which was never required in the Ninth Circuit. But why Molina is useful is it provides the framework for looking at the two categories of cases where you have a guideline miscalculation that may or may not constitute plain error. On one hand, Molina states that where the record is silent as to what the district court might have done had it considered the correct guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights. And that was the Molina facts themselves. Is the government dispute that a substantial right is involved here in light of the Molina case? If the defendant can sustain his burden to show that there's a substantial likelihood that he would have gotten a lesser sentence given a correctly calculated guideline range, that is certainly a substantial right, yes. The question is, given the specific facts and circumstances in the record here, whether Mr. Ortiz has sustained his burden to show that that's what happened. And Molina acknowledges that that record may show that the district court thought the sentence it chose was appropriate irrespective of the initial guidelines range that it calculated. And as Justice Alito noted in the concurrence, and I would urge the court to heed his warning here, the dicta in the majority opinion that says, well, most cases will fall into the first category is just that dicta. And the court needs to really look at the record here and assess whether this calculation ultimately was determinative of the sentence. Is dicta something in a case with which you disagree? Well, it sounds like it's a direction from the majority opinion to essentially err in favor of a defendant in this case and say, well, in most cases, the guidelines, the sentence is tethered to the guidelines in some way. In the Ninth Circuit, we have, whether one likes it or not, we're required by an en banc case to treat dicta, in effect, as controlling. How should that affect our analysis of a Supreme Court case? Well, so the dictum we're talking about is the statement that most cases will fall into the first category. And whether that's the case or not, our argument is that this court could find, based on this record, that this case falls into the second category. And so basically the reason is that in Molina you have a case where the district court, with little to no explanation, imposes a sentence precisely at the low end of the incorrectly calculated guideline range. And based on that record and the absence of other statements in the record to suggest that that number was chosen for some other reason, the defendant in that case did sustain his burden of showing that the sentence imposed was a product of the guideline miscalculation. Here what we have is a guideline calculation of 46 to 57 months and an ultimate sentence imposed of 33 months, and a clear record and numerous statements by the district court as to why the 33-month sentence was chosen. The district court articulated a series of positive factors favoring a lower sentence, namely primarily the defendant's father's medical situation, as well as his prior time that he had spent in the United States and his family presence in the United States, as well as aggravating circumstances, namely the criminal history that the district court described as horrendous, the two prior drug convictions, as well as numerous other convictions, and the need for specific deterrence. This is a defendant who had previously received 46 months for the same offense conduct, and in terms of specific deterrence was getting a significant break in this case, given those positive equities that the district court described. This case would be a little bit more straightforward if the district court had elected to characterize the sentence of 33 months as a downward variance rather than as a departure under Cook and Kuhn. We do acknowledge that that's sort of a complication here. Cook is a 1991 Ninth Circuit case. Kuhn is a 1996 Supreme Court case. Those are both obviously pre-Booker, and what they state is that the district court has the ability, the authority to depart upward or downward for circumstances not adequately taken into account by the numerical guidelines. Let me ask you this, changing it a little bit. Since the probation officer in this case made the determination in the PSR that the prior conviction was a drug trafficking crime rather than a judge, don't we have to send this back anyway, and if so, for resentencing? And if so, why are we even arguing about this, since that's all going to have to be taken up anew anyway? Well, I think we're arguing about this because we're applying plain error review, and if the defendant, the appellant, does not sustain his burden to show that this improper procedure had an effect on the sentence... But you're claiming that not only what we talked about before, but the fact that the probation officer made the calculation and the determination, you're saying that's not reversible error unless we can show that it's, in quotes, plain error. Well, yeah, I mean, I think that's the error that's being claimed here, and the error that we... That's the only one? I think it's the primary one, and I think that's the error that we have conceded as to prongs one and two of plain error. Your argument is that there's no showing that his substantial rights were affected under plain error review because the court imposed a sentence below the range of what was calculated. Yes, and not only... So the guideline, the mistake in the guideline calculation didn't affect the sentence. That is our position, and not only did the court impose a sentence lower than the guidelines, it imposed a sentence significantly lower than the guidelines, and for reasons other than factors that are incorporated in the relevant guideline for this offense. That's a hard argument for the government, though, because how do we know that if the guideline range had been calculated at a lower level or the range corresponding to a lower offense level, the court wouldn't have downwardly departed even more? Well, it's hard to know for certain, but it is the appellant's burden to show that there was an effect, and, you know, as Molina states in that dictum, it says that that will occur in most cases, but what that's actually based on is the Molina, Supreme Court of Molina takes a statistical look at the proportion of cases where the sentence imposed is either within the guideline range or based on a departure from the guidelines upon government's motion, and Molina observes based on the sentencing commission statistics that that happens in the majority of cases, and so based on that empirical evidence, Molina concludes, well, in most cases, the ultimate sentence is tethered to the guidelines in some way, but this is not that case in that the district court imposed a sentence that was below the guideline range. It did not do so based on a government motion for a downward departure. It did so based on all of the 3553A factors that it articulated in electing the 33-month sentence. Does that take care of the last prong of plain error from the government's perspective? The prongs three and four, yes. Unless the court has further questions. Just in terms of remedy, it is our position that because the PSR came out in this case, the defendant did not object to it, the defendant then filed the sentencing summary chart affirmatively calculating guidelines consistent with the guidelines calculated by the PSR and subsequently by the government and the court, that if this court does elect to finds plain error and elects to remand, the government should have an opportunity to put any documents in the record to support this or some other sentence. To go back on an open record? Correct. Because you get a second bite even though the modified categorical approach is always on the table potentially? Well, I understand. You didn't put it in to begin with? I understand your Honor's perspective on that. From the perspective of a district court with dozens of cases, if the parties come to the court without a dispute as to a particular issue, you know... Well, you must have been prepared for it, so what have you got, anything? In terms of documents? It's already put in 21 months. Sure, I can represent that we would be prepared to satisfy the documents required to sustain a plus 12 enhancement for the prior drug trafficking conviction that does not have this divisibility issue as to transportation and also provide the specific type of controlled substance as methamphetamine. So we would be prepared on an open record to sustain our burden at least as to the plus 12 offense. So you've got the Shepard documents, you have the Shepard documents as to the older conviction for the plus 12 but not as to this conviction for the plus 16, is that what you're saying? I can't say for certain whether if it were an open record we would make further attempts to sustain the plus 16. But the plus 12 offense does not present the same issues that the plus 16 offense does. But it's just important to note, because of the way that the offense really came to the table in accord with the plus 16, you know, there are numerous felonies here. The government obviously did not submit documents in the record to support a plus 4 for the prior 1326 offense, let's say. Reason being, we're not just going to submit documents for every prior conviction that a defendant has if he comes to the table saying we agree that the plus 16 applies. And so I think that does provide a basis for the court, if it's going to remand, to remand on a record where the government can prove up any enhancement that it believes it can. Thank you. Thank you very much. I have four points, I think, Your Honors. The first is regarding the fact that the government now says that it has Shepherd documents for the plus 12 but not the plus 16. If that's true, it should have advocated for a plus 12 at sentencing instead of a plus 16, because it couldn't support the plus 16, which it had a duty to do. If I understood him correctly, what he said is, look, they agreed to the plus 16. Why should we deal with anything else? Basically, it's like a plea agreement. Because, Your Honor, they have a duty to come forward with evidence to support any sentencing enhancement that they are advocating for. And they can read Huitran Rocha and the other cases that establish this is overbroad just as well as we could in the district court on probation. They could have realized and should have realized because it's their duty that this was not a plus 16 that they could prove. So they should have gone forward with the plus 12. And as Judge Fischer noted, had they gone forward with the plus 12 and the district court granted the four-level departure again, the 21 months would have expired at the latest in April. That's not counting good time. And so Mr. Ortiz-Lucatero has been prejudiced by the fact that the government didn't satisfy its duty to support that plus 16. Not to take up your time much, but has there been any discussion between the government and defense counsel to just get this resolved between yourselves rather than continuing to litigate this, since the gentleman's in jail and has been for pretty much the whole time, even on plus 16? The only discussions we've had about resolving this case, Your Honor, is before the government filed its response brief, government counsel called me and said they were thinking about conceding error, and so they were asking for an extension. That didn't end up happening, and then they came forward with their response brief here. That's the only discussions we've had. I can't speak for my colleagues, but for myself, I hope the two of you will sit down and talk. This is really kind of silly. A man's in jail. He's willing to serve the whole thing, regardless of what we decide here. There's a whole lot of time being spent with some very valuable resources. Perhaps it can be resolved. We'll go ahead and proceed unless you let us know the contrary, but this is common sense suggested ought to be resolved in my judgment. I don't disagree, Your Honor. Well, why don't we just expect the government and you to confer and report back to us briefly in a short order as to whether it can be worked out. I'm happy to do that, Your Honor. Can I just make one more point just to clarify the record? I just want to be clear that this was not a below-guideline sentence. The government said that the district court calculated a 46- to 57-month range and then imposed a 33-month sentence, which was below the guideline range. That's not what happened. The district court granted this four-level departure, which then adjusted the guideline range to 37 months. The district court itself noted this was a mid-range guideline sentence. And so as the guideline changed, as the Supreme Court noted in Molina-Martinez, even a variance from the guideline range is a sentence that is anchored in the guidelines. And so it is very much affected by the guideline range. Thank you, Your Honors.
judges: Fisher, M. Smith, Nguyen